White, J.
We agree with the counsel of the defendant, that the record in this ease neither shows a statutory dedication of Irwin street, nor such an acceptance by the public of a common-law dedication, as would preclude the-parties in interest, by common consent, from reclaiming the property intended for such street. But neither of these considerations, in our opinion, determine the rights of the-parties in this case. These lights áre founded upon contract. They arise upon the written agreements entered, into by the plaintiff and Wilson, the defendant’s grantor, and the acts of the parties done under such agreements.
Wilson and the plaintiff were the proprietors of adjacent, lands. Eor the purpose of benefiting their respective estates, by rendering them more accessible to themselves, and the public, they mutually agreed that each would appropriate from his land a strip to be used in common for a. public street. By the agreement of July 24, 1852, they reserved the privilege of changing the location of the street in extending it eastward through their grounds.
They afterward located the street through their lands by staking it off; and, in the agreement of March 22, 1858,. they recognized the street as thus located. The lands which they agreed to exchange were described in that agreement as bounded respectively on the north and south of Irwin street, “ as now located by the above parties.” In pursuance of this agreement, conveyances were made; and the plaintiff, thereafter, occupied and improved his property with reference to the street as thus located.
Under these circumstances, it seems to us, in the absence- *21 of fraud or mistake, the agreement ought, upon well-established principles of equity, to be enforced, whether the public authorities accept the street as dedicated to public use or not.
When the street is opened, the public will have the right to use it, and the proprietors who are parties to the agreement for its establishment, have the right to insist upon affording the public the opportunity of using it. Child v. Chappell, 5 Selden, 257, 258.
2. The deed from Swasey, under which the defendant claims, describes the premises conveyed as bounded on the south by the north line of Irwin street.
The defendant is bound to take notice of the boundaries called for in the deeds under which he holds ; and, where sick deeds recognize the street as a boundary, he is es-topped, as against those under whom he holds, from denying the existence of the street. Being thus charged with notice of the existence of the street, he is also chargeable with such knowledge as to its location as he could have obtained by reasonable inquiry.
The character of Seegar’s improvements were such as to indicate that the street did not extend south of them.
In regard to the suggestions made on the argument as to improvements made after the dismissal of the petition, it is only necessary to say that no question in regard to them arises on this record.

Judgment reversed and cause remanded for a new trial.

McIlvaine, C. J., Welch, Rex, and Gilmore, JJ., concurring.